**IN THE COURT OF APPEALS OF IOWA**

No. 22-0137
Filed March 30, 2022


**IN THE INTEREST OF J.B., H.B. and N.B.,**
**Minor Children,**

**C.K., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Woodbury County, Stephanie

Forker-Parry, District Associate Judge.


        A mother appeals the termination of her parental rights to three children.

**AFFIRMED.**


        Jessica R. Noll of Deck Law PLC, Sioux City, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Marchelle Denker, Sioux City, attorney and guardian ad litem for minor

children.



        Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to three children born in 2014, 2019, and 2020.[1] She contends (1) the State failed to prove the grounds for termination cited by the district court; (2) termination of her parental rights was not in the children's best interests; and (3) she should have been granted "additional time to reunify" with the children.

## I.       Grounds for Termination

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) and (h) (2021). The provisions have different age requirements for the children, but both require proof that the children cannot be returned to parental custody.

Our de novo review of the record discloses the following facts. The department of human services intervened in 2017 based on concerns the parents were using marijuana and methamphetamine while caring for the oldest child.[2] The mother and father agreed to take drug tests. The father tested positive for methamphetamine and marijuana; the mother's test was negative for all substances.

The department implemented a safety plan to address the father's drug use, as he remained in the home with the mother and child. In time, the department sought judicial intervention. The district court adjudicated the oldest child in need of assistance and allowed him to remain with his mother under the department's

---

[1] The parental rights of the legal and biological fathers were also terminated. They did not file appeals.

[2] The mother also received services for one month in 2016.

protective supervision.  Over the next several years, the mother had two more children, both of whom were adjudicated in need of assistance and were allowed to remain in the mother's custody, again under the department's protective supervision.  All three children have significant medical needs.

In 2020, the State applied to have the three children temporarily removed from the mother's custody.  The State cited "concerns that [the mother] . . . allowed the children to be around their father," who was "not following the safety plan . . . that include[d]" participation "in mental-health and substance-abuse treatment."  The State also noted that the father was a registered sex offender, he was "living in the home against [d]epartment recommendations," and the mother "continue[d] to allow [him] around the children . . . despite being informed his contact with the children" was to be "supervised" by service providers.  The district court granted the removal application.  The children remained out of the mother's custody through the termination hearing seventeen months later.

The mother did not appear or testify at the termination hearing.  The department case manager testified to her belief that the children were doing better medically following their removal.  She also noted that the mother's visits with the children in the previous two months had "been very sporadic" and remained supervised.  She conceded the mother acted appropriately during video visits and during medical appointments for the children, but she recommended termination of parental rights.

In granting the termination petition, the district court cited the mother's receipt of "a plethora of services" beginning in 2016 and her inability or unwillingness "to comply."  We agree with the district court's assessment.  The

court allowed the children to remain with the mother and afforded her multiple opportunities to follow safety protocols even in the face of concerns about her "protective capacity." The mother failed to internalize those protocols. We conclude the State proved the grounds for termination cited by the district court.

## II.    *Best Interests*

Termination must be in the children's best interests. Iowa Code § 232.116(2); *In re L.B.*, ___ N.W.2d ___, ___, 2022 WL 495312, at *1 (Iowa 2022). The mother argues termination was not in the children's best interest because all three children had "significant genetic conditions that cause[d] intellectual disabilities and developmental delays"; doctors were unable to provide a "long-term prognosis"; "[t]he children were not placed in the same home"; the children had "several different placements" following their removal; the "current placements were not willing to permanently integrate the children into their homes"; and the children "should have been able to retain some familial relationships" as they "navigate[d] through the system."

The mother's points are well taken. They do not change the fact that she failed to make sufficient progress in protecting the children from their father, assuring the department she had the ability to attend to the children's significant medical needs, and maintaining and building on her relationship with the children. We conclude termination was in the children's best interests.

## III.    *Additional Time*

The mother argues "[t]he children would not have been harmed by allowing [her] additional time to reunify." *See* Iowa Code § 232.104(2)(b). But she had four years to meet expectations for reunification with the oldest child and well over the

statutory time frames with the younger two children. *See id.* § 232.116(1)(h)(3) (requiring proof "[t]he child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days"). The case manager did not foresee any scenario in which the mother would be able to reunify with the children within six months. On our de novo review, we agree.

We affirm the termination of the mother's parental rights to the three children.

**AFFIRMED.**